IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CEDRIC BATTLE,                           :
                                         :
                    Plaintiff            :
                                         :
          VS.                            :
                                         :
Detective SHAUN BRIDGER,                 :          NO. 5:15-CV-216 (MTT)
Attorney ADAM NAGEL, and                 :
Attorney VERONICA BRINSON,               :
                                         :
                    Defendants           :
_____:          **O R D E R**

Plaintiff Cedric Battle, an inmate at Baldwin State Prison, has filed a *pro se* civil

rights complaint under 42 U.S.C. § 1983 (ECF No. 1).   Parties instituting non-habeas civil

actions must pay a $400.00 filing fee.   28 U.S.C. §§ 1914(a).   Because Plaintiff has

failed to pay said fee, the Court assumes that he wishes to proceed *in forma pauperis*

("IFP") in this action.   Solely for purposes of the Court's dismissing this action, leave to

proceed IFP is **GRANTED**.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial

screening of a prisoner complaint that "seeks redress from a governmental entity or officer

or employee of a governmental entity."   Section 1915A(b) requires a federal court to

dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon

which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that:

2

(1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  BACKGROUND

Plaintiff's claims arise out of his 2010 conviction in the Superior Court of Bibb County for aggravated assault, for which he is presently serving a 35-year sentence. Plaintiff sues the following Defendants: (1) Detective Shaun Bridger (Macon Police Department); (2) attorney Adam Nagel (Bibb County Public Defender's Office); and (3) private attorney Veronica Brinson.

Plaintiff does not link Defendant Bridger with any of his stated claims. Presumably, Plaintiff sues Bridger because he interviewed the victim of Plaintiff's crime and her mother on December 1, 2009. (ECF No. 1-2, 1-3).

Plaintiff alleges that Defendant Nagel "willfully misrepresented" Plaintiff in his

3

criminal trial.   (ECF No. 1 at 6).   He also alleges that Nagel acted in "unison" with

Defendant Brinson, who agreed to handle Plaintiff's appeal, was paid a retainer to do so,

but then failed to file an appeal.   (*Id.* at 6, 8-9).

Plaintiff makes numerous summary allegations attacking his conviction.   He also

complains about numerous constitutional rights being violated through "several judicial

proceedings [in February 2013] in Bibb County Superior Court."   (*Id.* at 6).   Plaintiff

does not link the above claims to any Defendant and he fails to describe the 2013 court

proceedings.

As relief, Plaintiff seeks damages against all Defendants and an order requiring

Brinson to return the unused portion of the retainer.   (*Id.* at 8).

## III.   DISCUSSION

The instant complaint must be dismissed for a number of reasons.   First, Plaintiff's

claims are barred by the statute of limitations.   In Georgia, the proper limitations period

for a section 1983 claim is the two-year statute for personal injury claims codified at

O.C.G.A. § 9-3-33.   *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986).

Plaintiff was convicted and sentenced in 2010 and his complaint is dated May 12, 2015.

A claim accrues and the statute of limitations begins to run when the "facts which

would support a cause of action are apparent or should be apparent to a person with a

reasonably prudent regard for his rights."   *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir.

2003) (quotation omitted).    As both Plaintiff's 2010 conviction and the February 2013

"judicial proceedings" occurred more than two years before the May 12, 2015 date of his complaint, all of Plaintiff's claims are barred by the statute of limitations. Moreover, Plaintiff does not allege circumstances justifying equitable tolling of the statute of limitations. *See Wallace v. Cato*, 549 U.S. 384, 396 (2007) ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.").

Even if Plaintiff's claims were not time-barred, they would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has not shown that his conviction or sentence has been invalidated. *Id.* at 486-87 (holding that before a plaintiff may proceed with a section 1983 action to "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove that the conviction or sentence had already been reversed on direct appeal or otherwise invalidated).

Moreover, Plaintiff has not made any actual allegations against Bridger and therefore has not stated a claim against him. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Certainly the fact Bridger interviewed Plaintiff's victim and her mother during the criminal investigation does not support a claim.

5

Finally, Plaintiff's allegations likewise fail to state a cognizable claim against Nagel and Brinson. "[A] defense attorney is not a state actor under section 1983." *Rolle v. Raysor*, 267 F. App'x 925, 926 (11th Cir. Mar. 7, 2008); *Tower v. Glover*, 467 U.S. 914, 920 (1984) ("appointed counsel in a state criminal prosecution, though paid and ultimately supervised by the State, does not act 'under color of' state law in the normal course of conducting the defense"). Although an attorney may be sued under section 1983 if he conspires with someone who is a state actor, *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985), Plaintiff makes no allegation of such a conspiracy.[1]

## IV.   CONCLUSION

In light of the foregoing, the instant lawsuit is hereby **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**SO ORDERED**, this 11th day of June, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT

---

[1] Plaintiff's allegation that Brinson breached a contract to represent Plaintiff on appeal presents an issue of state law, which Plaintiff must pursue in state court.